17-2412-cv
Haughton v. Town of Cromwell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of August, two thousand eighteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
             DENISE COTE,[1]
                      *District Judge*.

_____

ROBERT HAUGHTON,

                      *Plaintiff-Appellant*,

             v.                                              17-2412-cv

TOWN OF CROMWELL, CROMWELL POLICE DEPARTMENT,

                      *Defendants-Appellees*.

_____

Appearing for Appellant:     Josephine S. Miller, Danbury, CT.

Appearing for Appellee:      Dennis M. Durao, Karsten & Tallberg, LLC (James N. Tallberg, *on the brief*), Rocky Hill, CT.

_____

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Robert Haughton appeals from the July 11, 2017 judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), granting the motion for summary judgment made by appellees Town of Cromwell and Cromwell Police Department ("Town"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a grant of summary judgment *de novo*." *Bermudez v. City of New York*, 790 F.3d 368, 373 (2d Cir. 2015). Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To defeat summary judgment . . . nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts, and they may not rely on conclusory allegations or unsubstantiated speculation." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citations omitted).

Haughton alleges that the Town refused to assign him to the role of Detective because of racial or ethnic discrimination in violation of Title VII of the Civil Rights Act. It is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Title VII claims for employment discrimination are analyzed under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This framework requires the plaintiff to demonstrate a prima facie case of disparate treatment, at which point the burden shifts to the employer to demonstrate that the employment decision was made for "legitimate, nondiscriminatory" reasons. *Id*. at 802. If the employer carries this burden, the plaintiff must then "offer evidence sufficient to support a reasonable inference that . . . the defendant intentionally discriminated against the plaintiff." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005) (citation omitted).

Assuming without deciding that Haughton met his prima facie burden, the Town met its burden in demonstrating a legitimate, non-discriminatory reason for its assignment decision and Haughton failed to demonstrate that decision was merely pretext. Haughton failed to identify admissible evidence that would permit a jury to find that the Town acted with discriminatory intent when it chose to promote another officer instead of Haughton to Detective. Employers are entitled to set their own legitimate, nondiscriminatory requirements for open positions. *See Stern v. Trustees of Columbia University in the City of New York*, 131 F.3d 305, 313 (2d Cir. 1997).

We have considered the remainder of Haughton's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk